UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMIRO SALAZAR, NYUDLYA
MONTYSHEVA, PATRUS BALBINOT,
and MARCELO YASCARIBAY on behalf of
themselves and others similarly situated,

        1:17-cv-01267 (JSR) (RLE)

    Plaintiffs,

        SETTLEMENT AGREEMENT

v.

ROBERT MALTA and WESTSIDE
TOMATO, INC d/b/a ARTE CAFÈ,

    Defendants.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**WHEREAS**, RAMIRO SALAZAR, NYUDLYA MONTYSHEVA, PATRUS BALBINOT, and MARCELO YASCARIBAY (collectively, "Plaintiffs") have asserted federal minimum wage violations under 29 U.S.C. §§ 201, et seq., ("FLSA"), misappropriation of gratuities under NYLL § 196-d, New York minimum wage violations under NYLL § 652, 12 NYCRR 146-1.3, tip credit damages under NYLL §§ 195(3) and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.2; and RAMIRO SALAZAR, individually, has asserted retaliation under NYLL § 215, against their former employer, ROBERT MALTA and WESTSIDE TOMATO, INC d/b/a ARTE CAFÈ (collectively, "Defendants");

**WHEREAS**, the Defendants have denied Plaintiffs allegations;

**WHEREAS**, Plaintiffs and the Defendants (collectively, the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiffs have, had, or may have against the Defendants, including, but not limited to, all claims relating to their employment with the

1

Defendants, by way of this Settlement Agreement and General Release (hereinafter "the Agreement");

**WHEREAS** the Defendants release any and all claims that they have against the Plaintiffs;

**WHEREAS**, the Parties' counsel have negotiated extensively in good faith to reach a reasonable settlement acceptable to the Parties;

**NOW, THEREFORE**, the Parties agree as follows:

1. The Defendants shall pay the Plaintiffs the sum of Twenty-Five Thousand Dollars ($25,000.00) (the "Settlement Amount"), to be distributed according to the following schedule: RAMIRO SALAZAR ($3,231.40); NYUDLYA MONTYSHEVA ($3,231.40); PATRUS BALBINOT ($3,231.40); MARCELO YASCARIBAY ($6,462.80); attorney's fees ($8,325.00); and costs ($518.00).

2. The Settlement Amount shall be paid in Twelve (12) installments. The first installment of Two Thousand Eighty-Four Dollars ($2,084) shall be paid August 1, 2017 or the date of this Court's approval, whichever is later and delivered to the offices of Plaintiffs' counsel, Jeffrey E. Goldman, at 501 Fifth Ave., Suite 1900, NY, NY 10017. The subsequent eleven (11) installments of Two Thousand Eighty-Four Dollars ($2,084) shall be made no later than the fifth of each proceeding month and delivered to the offices of Jeffrey E. Goldman, at 501 Fifth Ave., Suite 1900, New York, NY. If the fifth of the month is a Saturday or Sunday then payment shall be made no later than the first Monday in that month. The final payment of Two Thousand Seventy-Six Dollars shall be made no later than July 5, 2018 or at a later date subject to this Court's approval. Eleven (11) certified checks shall be payable, to "Jeffrey Goldman, Esq." in the total amount of Two Thousand Eighty-Four Dollars ($2,084); One (1) certified check shall be payable, to "Jeffrey Goldman, Esq." in the total amount of two thousand seventy-six dollars ($2,076).

2

3. Defendants shall sign and execute an Affidavit for Confession of Judgment for the Settlement Amount to be held in escrow and destroyed unless Defendants default in the payment of any of the installments for a period greater than Thirty (30) days, Plaintiffs shall provide Ten (10) calendar days written notice to notify Defendants, through counsel, of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. To exercise this right, Plaintiffs shall notify either of Defendants' counsel, Jacques Catafago, Esq. and/or Adam Sherman, Esq., Catafago Finni, LLP, via email at jacques@catafagofini.com and adam@catafagofini.com, of their intent to do so, and Defendants shall have Ten (10) calendar days to cure.

4. (a) In consideration of the promises made by Defendants in this Agreement, Plaintiffs release and forever discharge Defendants from all claims raised or which could have been raised in the Lawsuit, arising only under the Fair Labor Standards Act and the New York Labor Law. Plaintiffs agree that they are waiving all claims they could assert against Defendants under the Fair Labor Standards Act and New York Labor Law.

(b) Moreover, Plaintiffs understand and agree that they may not reinstate the claims that they have brought in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants except in an action instituted by either party alleging a breach of this Agreement. Plaintiffs further acknowledge and agree that this Waiver and Release is an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term. Plaintiffs further warrant and represent that Plaintiffs' counsel has advised them regarding the release in this Section.

(c) In addition, in the event any class or collective action brought against Defendants includes or may include Plaintiffs, the Release given by Plaintiffs herein shall operate as Plaintiffs' waiver of all rights to be a class or collective member or to recover any damages.

5. (d) Without limiting the generality of the foregoing, except as expressly set forth in this Agreement, the Defendants expressly settles, releases, discharges, and relinquishes any and all claims and counterclaims against PATRUS BALBINOT, including but not limited to any

3

counterclaim as set forth in the answers to the Complaint and Amended Complaint in the case of *Salazar et al., v. Malta et al*, 1:17-cv-01267.

6. Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

7. The parties mutually agree not to disparage each other.

8. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

9. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

10. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

11. Within Ten (10) days of signing this Agreement, Plaintiffs' counsel shall submit a *Cheeks* letter to the court for approval.

**IN WITNESS WHEREOF**, the Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

**PLAINTIFFS:**

By: _[signature]_     Dated: July 12, 2017
RAMIRO SALAZAR

By: _[signature]_     Dated: July 11, 2017
NYUDLYA MONTYSHEVA

By: _[signature]_     Dated: July 29, 2017
PATRUS BALBINOT

By: _[signature]_     Dated: July 11, 2017
MARCELO YASCARIBAY


**DEFENDANTS:**

By: _[signature]_     Dated: July 28, 2017
ROBERT MALTA

By: _[signature]_     Dated: July 28, 2017
WESTSIDE TOMATO, INC.

Dated: July 11, 2017
New York, NY

5